UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDOLPH FAWKES,

     Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

     Defendant.

Case No. 2:14-cv-11272
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

---

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]

---

This mortgage foreclosure dispute involves a familiar fact pattern. In 2003, Plaintiff Randolph Fawkes borrowed money to buy a house in Bloomfield Hills, Michigan. He secured his promise to repay the ($2 million) loan by mortgaging that house. Fawkes ultimately had difficulties paying what owed, and Defendant JPMorgan Chase Bank, N.A., exercised its right to foreclose by advertisement. On August 13, 2013, JPMorgan purchased Fawkes' home at a sheriff's sale. A day short of the six month redemption period, on February 12, 2014, Fawkes filed this lawsuit in state court. (Dkt. 1, Compl.) JPMorgan removed it here. (Dkt. 1, Not. of Removal.)

Before the Court for resolution is JPMorgan's summary-judgment motion. (Dkt. 11.) Until yesterday, the Court thought Fawkes had elected not to respond: his motion response was due four months ago. *See* (Dkt. 11); E.D. Mich. LR 7.1(e). In any event, Fawkes' delayed response will be treated as a non-response, as he has not sought leave to file late. The response is therefore stricken. Even so, the Court cannot simply grant JPMorgan judgment in its favor. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("[T]he movant must always bear this initial

burden regardless if an adverse party fails to respond. . . . The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."). The Court will, however, proceed without oral argument. *See* E.D. Mich. LR 7.1(f).

In Count I of his four-count Complaint, Fawkes asks the Court to "quiet title" in his favor. JPMorgan argues that, given the sheriff's sale on August 13, 2013, Michigan's six-month redemption period expired on February 13, 2014, and "[t]herefore, Plaintiff lost all right, title and interest in the Property . . . ." (Def.'s Mot. at 4–6.)

The Court agrees with JPMorgan. Although Fawkes correctly pled in his February 12, 2014 complaint that the redemption period had not expired, it since has, and, generally, "[f]iling a lawsuit will not toll the running of the redemption period . . . . " *Rishoi v. Deutsche Bank Nat. Trust Co.*, 552 F. App'x 417, 421 (6th Cir. 2013). The Court notes that Fawkes also seeks preliminary injunctive relief and asks the Court to toll the redemption period. (Compl. ¶¶ 38–48.) And there is an argument that a motion for preliminary injunction should equitably toll the redemption period:

> The Court notes that there are countervailing policy interests in determining whether to allow a motion for a preliminary injunction filed in a foreclosure complaint (as Plaintiff has done here) to be used to extend the statutory redemption period. . . . [I]n some cases, even a diligent Plaintiff's claim that is filed early in the redemption period may not be decided before expiration of the period, and dismissing that diligent Plaintiff's claim on the basis of the redemption period's expiration would surely not be equitable.

*See Jackson v. Bank of Am., N.A.*, No. 14-11073, 2014 WL 7157172, at *8 (E.D. Mich. Dec. 15, 2014). But even assuming that a motion for a preliminary injunction could toll the redemption period, the Court finds no basis for tolling in this case because, as will be discussed, Fawkes' underlying claims lack merit.

2

Because the redemption period has expired, Fawkes' "'right, title, and interest in and to the property' [have been] extinguished." *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942)); *see also* Mich. Comp. Laws § 600.3236.[1] It would thus seem that title has been quieted. *See Wilson v. HSBC Bank, N.A.*, No. 13-2009, 2014 WL 6463020, at *4 (6th Cir. Nov. 19, 2014) ("Because Wilson did not redeem the property within the six-month statutory redemption period, she currently has no title to the property and cannot state a claim to quiet title against HSBC.").

But there is a limited exception to the rule that a mortgagor who fails to timely redeem loses all rights to the property: the foreclosure might still be voidable if the mortgagor can make a clear showing that he was prejudiced by "fraud" or "irregularity" in the foreclosure procedure itself. *See Downey v. Fed. Nat. Mortgage Ass'n*, No. 13-2225, 2014 WL 5742382, at *4 (6th Cir. Nov. 6, 2014); *Conlin*, 714 F.3d at 359–60, 362. In this regard, Fawkes pleads that JPMorgan foreclosed despite being well aware that the loan-modification process had not run its course. (*See* Compl. ¶¶ 18–22.) But a mere failure to comply with the loan-modification process is not the type of "fraud" or "irregularity" that permits a court to unwind the foreclosure. *Thompson v. JPMorgan Chase Bank*, N.A., 563 F. App'x 440, 442–43 (6th Cir. 2014) ("Violation of Michigan's statutory loan modification process, standing alone, is not enough to show the required 'fraud or irregularity' necessary to void the foreclosure. . . . [Michigan's loan modification] statute in and of itself does not create an independent cause of action to nullify or unwind a foreclosure sale after the expiration of the redemption period.").

---

[1] This does not mean, as JPMorgan says, that Fawkes lacks standing. *See Downey v. Fed. Nat. Mortgage Ass'n*, No. 13-2225, 2014 WL 5742382, at *2 (6th Cir. Nov. 6, 2014); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014); *El-Seblani v. IndyMac Mortgage Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013).

Moreover, Fawkes has only conclusorily alleged prejudice: he says only that JPMorgan "incorrectly determined" his eligibility for a modification under the method set forth in Michigan Compiled Laws § 600.3205c(1)(a) and failed to apply the other eligibility-determination methods set forth in § 600.3205c(2)–(4). (*See* Compl. ¶¶ 11, 28, 33–34.) These conclusory allegations— which do not even assert that Fawkes in fact qualified for a modification—fail to create a jury question on whether "he would have been in a better position to preserve his interest in the property absent defendants' actions," *Thompson*, 563 F. App'x at 442. *Cf. Jackson v. Bank of Am., N.A.*, No. 14-CV-11073, 2014 WL 7157172, at *8 (E.D. Mich. Dec. 15, 2014) (finding that to demonstrate prejudice under § 600.3205c, plaintiff needed to allege that he was qualified for a loan modification).

JPMorgan has thus discharged its initial summary-judgment burden on Count I, Fawkes' quiet title claim.

Counts II and III of Fawkes' Complaint allege that JPMorgan violated (now repealed) Michigan laws requiring lenders to review borrowers for a loan modification. Fawkes says that JPMorgan "failed to determine whether Plaintiff was eligible [for a loan modification] under [Michigan Compiled Laws] § 600.3205c(2) through (4)," failed to send him a denial letter with the loan-modification calculations prior to the sheriff's sale, "incorrectly determined that [he] was not eligible for a [loan modification] under [Michigan Compiled Laws] § 600.3205c(1)(a)," and "[t]hat under [Michigan Compiled Laws] § 600.3205a(8) a [l]oan [m]odification was not reached by the parties in violation of [Michigan Compiled Laws] § 600.3205c(1) through (3)." (Compl. ¶¶ 28, 33–34.) JPMorgan moves for summary judgment on these counts by arguing that "other courts in this [D]istrict have examined this issue on multiple occasions, and concluded that a borrower's sole relief for a purported violation of the loan modification statutes is to seek

4

the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale," (Def.'s Mot. at 8), and that Fawkes "brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert," (Def.'s Mot. at 9). There is support for the proposition that a mortgagor's claim under § 600.3205c expires after the sheriff's sale. *Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 370 (6th Cir. 2014) ("Pursuant to Mich. Comp. Laws § 600.3205c(8), the sole remedy for a mortgage holder's failure to follow the loan modification process is converting the foreclosure by advertisement to a judicial foreclosure. . . . That remedy, however, can only apply when the foreclosure itself is still pending."); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) ("[T]he Smiths appear to have missed the boat regarding the applicability of [Michigan Compiled Law § 600.3205(c)] which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."). Still, at least one court has pointed out that neither *Holliday* nor *Smith* (nor a number of cases from this District) make clear "which event—the sheriff's sale or the expiration of the redemption period—serves as the cutoff for requesting a conversion to judicial foreclosure." *Jackson*, 2014 WL 7157172, at *7. But, as in *Jackson*, Fawkes has not created a jury question on whether he was eligible for a loan modification, and thus has not demonstrated prejudice sufficient for his § 600.3205(c) claim to survive.

Finally, the Court agrees with JPMorgan, (*see* Def.'s Mot. at 9–10), that Count IV, which seeks (preliminary) injunctive relief, does not set forth an independent cause of action. *Thompson*, 563 F. App'x at 443 n.1; *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013).

* * *

5

JPMorgan has discharged its initial summary-judgment burden on each of Fawkes' four counts. Fawkes, by effectively not responding, has failed to demonstrate an issue for a jury's resolution on any of the counts. Judgment will thus be entered in favor of JPMorgan.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  December 24, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 24, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson